[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11376
Non-Argument Calendar
_____

D.C. Docket No. 8:10-cv-02489-JDW-TBM


WILLIAM F. TITTLE,

                                                           Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,

                                                           Respondent-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 2, 2015)

Before TJOFLAT, JORDAN and JILL PRYOR, Circuit Judges.

PER CURIAM:

William Tittle, having been convicted in the Circuit Court of Pinellas County, Florida, pursuant to a plea of guilty to all three counts of an information—Counts 1 and 2, charging sexual battery; and Count 3, charging attempted kidnapping—is presently serving a total prison sentence of thirty years.[1]  The District Court denied his petition for writ of habeas corpus collaterally attacking his convictions, *see* 28 U.S.C. § 2254, and he appeals.  We issued a certificate of appealability ("COA") on one issue: "Whether Tittle's due-process rights were violated when the [Pinellas County Circuit Court] failed to evaluate his competency before accepting his guilty plea."

"[T]he conviction of an accused person while he is legally incompetent violates due process."  *Pate v. Robinson*, 383 U.S. 375, 378, 86 S. Ct. 836, 838, 15 L. Ed. 2d 815 (1966).  "*Pate* . . . established a rebuttable presumption of incompetency upon a showing by a habeas petitioner that the state trial court failed to hold a competency hearing on its own initiative despite information raising a bona fide doubt as to the petitioner's competency."  *James v. Singletary*, 957 F.2d 1562, 1571 (11th Cir. 1992).  The COA issued in this case framed a *Pate* claim.  Tittle contends that the information before the Pinellas County Circuit Court at the time he pleaded guilty raised a bona fide doubt as to his competency to stand trial

---

[1]  Tittle is serving concurrent sentences of 30 years (the statutory mandatory minimum sentence) on Counts 1 and 2, and 15 years on Count 3.

2

such that the court was required, but failed, to hold a hearing to determine his competency.

Florida law holds that *Pate* claims "can and must be raised on direct appeal." *Nelson v. State*, 43 So. 3d 20, 33 (Fla. 2010) (per curiam) (citing *James*, 957 F.2d at 1572). Tittle did not take a direct appeal from his convictions. He did not raise the claim until he moved the Pinellas County Circuit Court for collateral relief under Florida Rule of Criminal Procedure 3.850. The Circuit Court refused to consider the claim on collateral attack, holding that the claim was procedurally defaulted because Tittle had not raised it on direct appeal. The Circuit Court held alternatively that at the time Tittle pleaded guilty, the court had no information before it sufficient to require a competency evaluation. Tittle appealed, and the Florida District Court of Appeal affirmed. *Tittle v. State*, 44 So. 3d 591 (Fla. 2d Dist. Ct. App. 2010) (per curiam).

In disposing of Tittle's habeas petition, the District Court upheld the Florida courts' procedural-default ruling on the ground that it "rest[ed] upon [an] 'independent and adequate' state ground." *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001). Doc. 16, at 8. We find no error in the District Court's holding. We likewise find no error in the District Court's holding that Tittle failed to demonstrate cause for the procedural default and resulting prejudice. Doc. 16, at 9–10. Tittle is therefore not entitled to habeas corpus relief on the ground that the

3

Pinellas County Circuit Court denied him due process of law in failing to evaluate his competency before accepting his guilty plea.

AFFIRMED.